# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-00784-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 4, 2019. (ECF No. 1.) Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*, filed July 31, 2019. (ECF No. 8.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

1

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff alleges that in March 2019, he was not permitted to receive a package, apparently in retaliation for filing grievances or civil actions against prison staff.[3] (ECF No. 1.) As such, Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) <u>Hammler v. Director of CDCR</u>, Case No. 1:17-cv-00097-NJV (N.D. Cal.) (dismissed on April 27, 2017 for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim); (2) <u>Hammler v. Hudson</u>, Case No. 2:16-cv-01153-JAM-EFB (E.D. Cal.) (dismissed on May 17, 2019 for failure to exhaust clear from the face of the complaint and attachments thereto); and (3) <u>Hammler v. Hough</u>, Case No. 3:18-cv-01319-LAB-BLM (S.D. Cal.) (dismissed on May 24, 2019 for failure to state a claim and as frivolous). See <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1044 (9th Cir. 2016) (complaint may be subject to dismissal for failure to state a claim where failure to exhaust is clear from the face of the complaint) and <u>Harris v. Mangum</u>, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

[3] The Court notes that only pages 1 through 25 of the complaint, which apparently contains 37 pages, were filed with the Court.

2

Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 12, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE