UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-00784-DAD-BAM (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 8, 10) |

Plaintiff Allen Hammler, a state prisoner, proceeds *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by filing a complaint (Doc. No. 1) and an application to proceed *in forma pauperis* (Doc. No. 8). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 13, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* be denied and that he be required to pay the $400.00 filing fee in full to proceed with this action because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations in plaintiff's complaint to do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 10 at 1–2.) Those findings and recommendations were served on plaintiff and contained

/////

1

notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) On August 23, 2019, plaintiff filed objections (Doc. No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned declines to adopt the findings and recommendations. Specifically, the undersigned concludes that two of the three dismissal orders relied upon in the findings and recommendations as strikes under 28 U.S.C. § 1915(g) are not strike dismissals under the statute. Each of the dismissal orders relied upon in the findings and recommendations is addressed in turn below.

The findings and recommendations rely upon the dismissal order in *Hammler v. Hough*, 3:18-cv-01319-LAB-BLM (S.D. Cal. May 24, 2019) as a prior strike. A review of the docket in that case establishes that the action was dismissed by a district court "for failure to state a claim . . . and as frivolous." (*Hough*, Doc. No. 12 at 16.) Accordingly, the dismissal of that case counts as a strike against plaintiff under 28 U.S.C. § 1915(g).

Next, the findings and recommendations rely upon the dismissal in *Hammler v. Hudson*, 2:16-cv-01153-JAM-EFB (E.D. Cal. May 17, 2019) as a prior strike. A review of the docket in that case establishes that the action was dismissed after the district court "adopted in full" the magistrate judge's recommendation that plaintiff's complaint be dismissed for "failure to exhaust administrative remedies." (*Hudson*, Doc. No. 56 at 2.) In *Hudson*, the assigned magistrate judge screened plaintiff's complaint and found that "[i]t [wa]s clear from the face of the complaint and [its] attachments that plaintiff ha[d] failed to exhaust his administrative remedies" and thereafter recommended dismissing the action "for failure to exhaust administrative remedies." (*Hudson*, Doc. No. 50 at 4, 10); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (Holding that a dismissal for failure to exhaust administrative remedies counts as a strike dismissal under § 1915(g) if the failure to exhaust is clear from the face of the complaint); *Kelly v. Elit*, No. 1:18-cv-00019-DAD-SAB, 2018 WL 1905667, at *2 (E.D. Cal. Apr. 23, 2018) ("[I]f a case is dismissed because the failure to exhaust was clear on the face of the complaint, and no

/////

2

outside evidence was considered in reaching that determination, the dismissal would count as a strike.").

Plaintiff, however, argues that the *Hudson* dismissal order cannot count as a strike against him because it was issued on May 17, 2019 and the present action was filed on April 17, 2019, which is the date that plaintiff contends that he conveyed his complaint in this action to prison officials. (Doc. No. 11 at 2); *see also Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (the mailbox rule—which provides that a prisoner's filing is considered "filed" at the time he delivers it to prison authorities for forwarding to the Clerk of the Court—"applies to § 1983 suits filed by *pro se* prisoners"). Plaintiff therefore argues that the dismissal in *Hudson* does not count as a strike against him because the dismissal in that case was not issued *prior* to the filing of his complaint in this action. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more *prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . ..") (emphasis added); *see also Ramey v. Franco*, No. 2:16-cv-2107-JAM-CKD-P, 2018 WL 784294, at *2 (E.D. Cal. Feb. 8, 2018) ("*Once* a plaintiff has accrued three strikes, he is precluded from proceeding IFP . . ..") (emphasis added). Plaintiff's objection is well taken. Although the docket in this case lists June 4, 2019, as the filing date of plaintiff's complaint, it bears a date stamp reflecting that it was actually received by the Clerk of the Court on April 22, 2019. (*See* Doc. No. 1 at 1.) The *Hudson* dismissal order was issued almost three weeks later, in May of 2019. Accordingly, the court concludes that the *Hudson* dismissal—despite constituting a strike dismissal against plaintiff for any action he files after May 17, 2019—does not count as a prior strike dismissal against plaintiff in this action, which was filed before the May 17, 2019 dismissal.

Finally, the last dismissal order relied upon as a strike in the pending findings and recommendations—the dismissal in *Hammler v. Director of CDCR*, 1:17-cv-00097-NJV (N.D. Cal. Apr. 27, 2017) ("*CDCR*")—also does not constitute a strike against plaintiff under 28 U.S.C. § 1915(g). In *CDCR*, plaintiff consented to the magistrate judge's jurisdiction, the magistrate

3

judge screened plaintiff's complaint, and the magistrate judge thereafter dismissed the complaint due to plaintiff's failure to file an amended complaint or otherwise communicate with the court after the issuance of its screening order. (*CDCR*, Doc. No. 10 at 1.) Notably, the screening order in *CDCR* found that "[i]t [wa]s . . . not clear at this early stage if plaintiff ha[d] exhausted his claim or if he ha[d] even presented a cognizable claim." (*CDCR*, Doc. No. 9 at 5.) Although the findings and recommendations pending before the undersigned in the present case state that *CDCR* was "dismissed . . . for failure to file an amended complaint following a screening order dismissing [the] complaint for failure to state a claim" (Doc. No. 10 at 2 n.1), the undersigned notes that: (1), in *CDCR*, the dismissal order noted that plaintiff did not file an amended complaint and thus dismissed "[t]h[e] case . . . for the reasons set forth in the prior [screening order]" (*CDCR*, Doc. No. 10 at 1); and (2) the screening order did *not* dismiss *CDCR* for failure to state a claim but rather due to plaintiff's failure to allege that he exhausted his administrative remedies for his constitutional claims prior to asserting them in his federal suit (*CDCR*, Doc. No. 9 at 4). Indeed, the screening order in *CDCR* explicitly noted that it was not clear to the magistrate judge at the screening stage whether plaintiff's complaint presented a cognizable claim. (*Id.* at 5.) Moreover, as indicated above, a dismissal for failure to exhaust administrative remedies prior to filing suit counts as a strike only if under § 1915(g) only if the failure is obvious from the allegations of the complaint, which does not appear to have been the case in *CDCR*. Accordingly, the court concludes that the dismissal of *CDCR* also does not count as a strike dismissal against plaintiff.

   The findings and recommendations pending before the undersigned in the present case rely on the decision in *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017), for the proposition that when courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." (Doc. No. 7 at

/////

/////

/////

4

2 n.1) (quoting *Harris*, 863 F.3d at 1142).[1]  This analysis, however, does not change the undersigned's conclusion here that the dismissal in *CDCR* does not count as a strike dismissal against plaintiff.  As discussed, the magistrate judge in *CDCR* acknowledged that it was not possible at the screening stage to determine whether plaintiff stated a cognizable claim due to his failure to allege that he had exhausted his administrative remedies.  Such a dismissal in no way rings the PLRA bells of frivolous, malicious, or failure to state a claim.  Therefore, neither the decision in *Harris* nor the one in *El-Shaddai* compels a finding that the dismissal of *CDCR* counts as a strike dismissal against plaintiff.

For the reasons set forth above:

1. The undersigned declines to adopt the August 13, 2019 findings and recommendations (Doc. No. 10);
2. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 8) is granted; and
3. The matter is referred back to the assigned magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **October 21, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] This same principle was adopted by the court in *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).  Nonetheless, the Ninth Circuit has also held that "prior dismissals . . . qualify as strikes only if, after reviewing the *orders dismissing those actions* and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (emphasis added).  Moreover, a PLRA strike is only assessed "when the 'case as a whole' is dismissed for a qualifying reason under the Act." *Washington v. Los Angeles Cty. Sheriff's Dept.*, 833 F.3d 1048, 1057 (9th Cir. 2016) (quoting *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007)); *see also Harris v. Harris*, 935 F.3d 670, 674–75 (9th Cir. 2019).

5