# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00784-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF SCREENING ORDER AND MOTION FOR EXEMPTION FROM PAGE LIMIT<br>(ECF No. 17)<br><br>ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br>(ECF No. 18)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 19, 2019, the Court screened Plaintiff's complaint and found that Plaintiff failed to state a cognizable claim for relief. Plaintiff was granted leave to file a first amended complaint within thirty (30) days. (ECF No. 14.) On December 27, 2019, the Court granted Plaintiff's motion for a thirty-day extension of time to file his first amended complaint, which is currently due on or before January 29, 2020. (ECF No. 16.)

On January 2, 2020, Plaintiff filed a motion for reconsideration of the Court's November 19, 2019 screening order, (ECF No. 17), together with a second motion for a thirty-day extension of time to file his first amended complaint, with the time to run from the date the Court issues a

1

ruling on the motion for reconsideration, (ECF No. 18). These motions are deemed submitted.

In his motion for reconsideration, Plaintiff argues that when he first submitted his complaint to the prison's litigation coordinator for E-Filing, it was returned and he was informed that it had to be mailed because it was more than 25 pages long. Plaintiff later spoke to the prison librarian and explained that he needed to E-File because it was a new action, and that complaints in excess of the 25-page-limit had to be E-Filed with the addition of a motion requesting leave to exceed the page limit, pursuant to an order received from the Court in the case <u>In re: Allen Hammler</u>, 1:19-mc-00029-SAB (E.D. Cal. 2019).[1] Following this explanation to both the prison librarian and the litigation coordinator, Plaintiff provided a 37-page pleading, together with a motion to increase the page limit, for electronic filing. Plaintiff states that he was told that all pages had been E-Filed. However, Plaintiff later learned that the Court received only the first 25 pages of his complaint in this action. Plaintiff argues that prison officials retaliated against him by omitting pages from his complaint, and requests that the Court screen the full complaint, attached to his motion. Plaintiff appears to believe that the Court's screening order finding that he failed to state a cognizable claim is a dismissal of this action.

First, the Court clarifies that this action remains pending, and the Court's November 19,

---

[1] The Court takes judicial notice of <u>In re: Hammler</u>, Case No. 1:19-mc-00029-SAB (E.D. Cal.). In that case, Plaintiff filed what appears to be a longer version of the complaint filed in this action, together with a request to be exempt from electronic filing due to the page limitation. In that case, the Magistrate Judge explained that, due to his incarceration at California State Prison, Corcoran ("CSP-COR"), Plaintiff is subject to the Court's Standing Order In Re: Procedural Rules for Electronic Submission of Prisoner Litigation Filed by Plaintiffs Incarcerated at Participating Penal Institutions, which includes CSP-COR.

Pursuant to the standing order, which applies to initial filings: (1) new complaints are subject to e-filing and they may not exceed twenty-five pages in length; and (2) motions seeking relief from the standing order, motions for emergency relief, or motions to increase the page limit shall be no more than fifteen (15) pages. As a California Department of Corrections and Rehabilitation participating facility, no initial documents are accepted for filing by the Clerk of the Court unless done pursuant to the standing order, or the scanning equipment is inoperable for a period longer than forty-eight (48) hours.

Following briefing by the Office of the Attorney General by special appearance on behalf of CDCR, and from Plaintiff, the Magistrate Judge found that Plaintiff had not presented a basis for court intervention and denied Plaintiff's request to be exempt from the electronic filing requirement. The order specifically stated that Plaintiff must comply with the Court's Standing Order to have his complaint electronically filed by this Court, and that failure to do so would result in return of the complaint as not filed. <u>In re: Allen Hammler</u>, Doc. No. 6.

2019 screening order **did not** dismiss or recommend the dismissal of this action.  Rather, Plaintiff was granted an opportunity to file a first amended complaint (not to exceed twenty-five pages), curing the deficiencies identified by the Court's screening order.  (ECF No. 14, p. 12.)  To the extent Plaintiff is requesting reconsideration on the basis that his action should not be dismissed, the request is denied as moot.

To the extent Plaintiff is requesting that the Court screen the attached 37-page complaint, with the included motion to increase the page limit of e-filing, that request is also denied.  The request was already fully considered by the Magistrate Judge in In re: Hammler, and Plaintiff has included no further grounds, other than that the "facts of the case are of a necessary length of 37 pages," for the Court to find that an exception to the page limitation is warranted in this action.

In consideration of this ruling on the motion for reconsideration, the Court finds good cause to grant Plaintiff's second motion for extension of time to file his first amended complaint.  As set forth in the November 19, 2019 screening order, **Plaintiff's first amended complaint shall not exceed twenty-five (25) pages**.

Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

///

3

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration, (ECF No. 17), is DENIED;
2. Plaintiff's motion for extension of time to file a first amended complaint, (ECF No. 18), is GRANTED;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint, **not to exceed twenty-five (25) pages**, curing the deficiencies identified by the Court's November 19, 2019 screening order, or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)); and
5. **If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **January 9, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE