# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-00784-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY ORDER<br>(ECF No. 23)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY CASE PENDING RESOLUTION OF MOTION TO MODIFY<br>(ECF No. 23)<br><br>ORDER GRANTING **FINAL** EXTENSION OF DEADLINE FOR FILING OF FIRST AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 19, 2019, the Court screened Plaintiff's complaint and found that Plaintiff failed to state a cognizable claim for relief. Plaintiff was granted leave to file a first amended complaint within thirty (30) days. (ECF No. 14.) Since the screening order was issued, the Court has granted Plaintiff three separate extensions of time. (ECF Nos. 16, 19, 22.)

During that time, Plaintiff also filed a motion for reconsideration of the screening order, which included a request for the Court to exempt him from the E-Filing page limitations and to

1

screen his full 37-page complaint. (ECF No. 17.) As explained in the January 10, 2020 order denying Plaintiff's motion for reconsideration on the basis that he should be exempted from the E-Filing page limitation, that argument and request was already fully considered by the Magistrate Judge in In re: Hammler, 1:19-mc-00029-SAB (E.D. Cal. 2019),[1] in accordance with the Court's E-Filing procedures. (ECF No. 19.)

Currently before the Court are two motions, both filed March 18, 2020: (1) Plaintiff's motion to modify order based on new developments; and (2) Plaintiff's motion to stay case pending resolution of motion to modify. (ECF Nos. 23, 24.)

## II.  Motion to Modify Order

In his motion to modify, Plaintiff requests that the Court modify its February 13, 2020 order granting his third extension of time to file his first amended complaint. (ECF No. 22.) However, it is apparent to the Court that Plaintiff is actually challenging the Court's ruling on his prior motion for reconsideration, specifically with respect to limiting his first amended complaint to twenty-five pages. Plaintiff argues that on August 30, 2019, he attempted to file a proposed amended complaint, together with a motion to be exempt from the E-Filing page limitation. However, those documents were not filed in the instant action, but were erroneously filed as a

---

[1] The Court takes judicial notice of In re: Hammler, Case No. 1:19-mc-00029-SAB (E.D. Cal.). In that case, Plaintiff filed what appears to be a longer version of the complaint filed in this action, together with a request to be exempt from electronic filing due to the page limitation. In that case, the Magistrate Judge explained that, due to his incarceration at California State Prison, Corcoran ("CSP-COR"), Plaintiff is subject to the Court's Standing Order In Re: Procedural Rules for Electronic Submission of Prisoner Litigation Filed by Plaintiffs Incarcerated at Participating Penal Institutions, which includes CSP-COR.

Pursuant to the standing order, which applies to initial filings: (1) new complaints are subject to e-filing and they may not exceed twenty-five pages in length; and (2) motions seeking relief from the standing order, motions for emergency relief, or motions to increase the page limit shall be no more than fifteen (15) pages. As a California Department of Corrections and Rehabilitation participating facility, no initial documents are accepted for filing by the Clerk of the Court unless done pursuant to the standing order, or the scanning equipment is inoperable for a period longer than forty-eight (48) hours.

Following briefing by the Office of the Attorney General by special appearance on behalf of CDCR, and from Plaintiff, the Magistrate Judge found that Plaintiff had not presented a basis for court intervention and denied Plaintiff's request to be exempt from the electronic filing requirement. The order specifically stated that Plaintiff must comply with the Court's Standing Order to have his complaint electronically filed by this Court, and that failure to do so would result in return of the complaint as not filed. In re: Allen Hammler, Doc. No. 6.

new case, Hammler v. State of California, Case No. 1:19-cv-01212-AWI-JDP.[2] Plaintiff states that he only recently discovered the error due to shuffling of his legal files. Plaintiff therefore argues that the Court should revisit the issue of allowing the full 37 pages to be screened, as the motion to submit a complaint in excess of the 25-page limit was submitted in accord with the Court's Standing Order on E-Filings. Furthermore, Plaintiff contends that the undersigned's reliance on the order issued in In re: Hammler is misplaced, as that court did not address the page limitation, but only Plaintiff's request to be exempt from electronic filing (as opposed to submitting his complaint by mail). (ECF No. 23.)

First, Plaintiff is advised that all documents submitted to the Court for filing in an existing case should be clearly marked with the case number so the documents will be filed in the correct case. It is Plaintiff's responsibility to correctly identify his filings before submission to the Clerk of the Court. Further, to the extent Plaintiff believes Case No. 1:19-cv-01212-AWI-JDP was opened in error, he should address his concerns to the judge assigned to that action and label any such motion with the correct case number. Similarly, any ruling issued in Case No. 1:19-cv-01212-AWI-JDP regarding Plaintiff's motion to be exempt from the E-Filing page limitation is not applicable to the instant action.

Plaintiff's argument that the order from In re: Hammler did not specifically address the page limitation is unpersuasive. Although Plaintiff did not explicitly argue that he should be exempt from the page limitation, the order clearly states that Plaintiff must comply with the Standing Order for E-Filing, which in turn specifically requires that new complaints subject to E-Filing may not exceed twenty-five pages in length. In re: Hammler, Doc. No. 6. To the extent Plaintiff wishes the merits of his argument regarding page length to be considered in the instant case, the Court notes that Plaintiff's current motion, as with his motion for reconsideration, also presents no specific grounds to support his argument for exemption from the page limitation.

///

///

---

[2] The Court takes judicial notice of Hammler v. State of California, Case No. 1:19-cv-01212-AWI-JDP (E.D. Cal.), Doc. Nos. 1, 2.

3

**III. Motion to Stay Case Pending Resolution of Motion to Modify**

Plaintiff further requests a stay of this case until thirty days after the Court's ruling on his motion to modify order. (ECF No. 24.) The Court finds a stay unnecessary, and Plaintiff has not provided any argument in support of a stay.

However, given that the deadline for Plaintiff to file his first amended complaint has already passed, and to give Plaintiff sufficient time to receive the instant order and comply with his obligations, the Court finds good cause to grant Plaintiff a **final** extension of time to file his first amended complaint. However, the Court notes that the screening order in this action was issued more than four months ago, and this will be Plaintiff's fourth extension of time. Plaintiff's continued attempts to file an overlength complaint, which the Court has repeatedly rejected, do not constitute good cause for further extensions of this deadline.

As set forth in the November 19, 2019 screening order, **Plaintiff's first amended complaint shall not exceed twenty-five (25) pages**.

Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

///

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to modify order, (ECF No. 23), is DENIED;
2. Plaintiff's motion to stay case, (ECF No. 24), is DENIED;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint, **not to exceed twenty-five (25) pages**, curing the deficiencies identified by the Court's November 19, 2019 screening order, or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)); and
5. **If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **March 18, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE