# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | Case No. 1:19-cv-00784-DAD-BAM (PC) |
| Plaintiff, | ORDER GRANTING **FINAL** EXTENSION OF DEADLINE FOR FILING OF FIRST AMENDED COMPLAINT |
| v. | |
| STATE OF CALIFORNIA, *et al.*, | **THIRTY (30) DAY DEADLINE** |
| Defendants. | |

Plaintiff Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 19, 2019, the Court screened Plaintiff's complaint and found that Plaintiff failed to state a cognizable claim for relief. Plaintiff was granted leave to file a first amended complaint within thirty (30) days. (ECF No. 14.) Since the screening order was issued, the Court granted Plaintiff four separate extensions of time, (ECF Nos. 16, 19, 22, 25), and repeatedly rejected Plaintiff's arguments in support of filing an overlength complaint, (ECF Nos. 19, 25). Pursuant to the Court's March 19, 2020 order, Plaintiff's first amended complaint, not to exceed twenty-five pages, was due on or before April 21, 2020. (ECF No. 25.)

Rather than filing an amended complaint, on March 30, 2020, Plaintiff filed a Notice of Appeal regarding the Court's denial of his motion to file a complaint in excess of twenty-five pages. (ECF No. 26.) The appeal was processed to the United States Court of Appeals for the

1 Ninth Circuit.  (ECF No. 27.)  On April 24, 2020, the Ninth Circuit dismissed the appeal for lack
2 of jurisdiction because the order challenged is not final or appealable.  (ECF No. 29.)  The Ninth
3 Circuit issued its mandate on May 18, 2020.  (ECF No. 30.)

4     As the prior deadline for Plaintiff to file his first amended complaint expired during the
5 pendency of his appeal, the Court finds good cause to grant Plaintiff a **final** extension of time to
6 file his first amended complaint.  However, the Court notes that the screening order in this action
7 was issued more than six months ago, and this will be Plaintiff's fifth extension of time, including
8 the time spent litigating his appeal.  Plaintiff's continued attempts to file an overlength complaint,
9 which the Court has repeatedly rejected, do not constitute good cause for further extensions of
10 this deadline.

11     As set forth in the November 19, 2019 screening order, **Plaintiff's first amended**
12 **complaint shall not exceed twenty-five (25) pages**.

13     Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but
14 it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional
15 rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be
16 [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555
17 (citations omitted).

18     Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
19 claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no
20 "buckshot" complaints).

21     Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
22 Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
23 complaint must be "complete in itself without reference to the prior or superseded pleading."
24 Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by
25 reference.

26     Accordingly, IT IS HEREBY ORDERED as follows:
27     1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first
28         amended complaint, **not to exceed twenty-five (25) pages**, curing the deficiencies

identified by the Court's November 19, 2019 screening order, or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)); and

2. **If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: __**May 19, 2020**__               /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE